# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN LUTTON,<br><br>   Plaintiff,<br><br>  v.<br><br>WALMART, INC. d/b/a WALMART SUPERCENTER #2071,<br><br>   Defendant. | Case No. 3:20-cv-00001-SLG |
| WALMART, INC. d/b/a WALMART SUPERCENTER #2071,<br><br>   Third-Party Plaintiff,<br><br>  v.<br><br>JOHN DOE,<br><br>   Third-Party Defendant. | |

## ORDER TO SHOW CAUSE

Plaintiff filed this action in the District Court for the State of Alaska in the Third Judicial District at Anchorage on October 4, 2019.[1] The Complaint brings a claim of negligence against Defendant, alleging that Plaintiff "slipped on a piece of banana, crashing forcefully down onto the floor" at a Walmart store in Anchorage, Alaska, causing her to "sustain severe and permanent injury."[2] The Complaint seeks "general damages," "medical and incidental expenses," "lost wages

---

[1] Docket 8-1 (Complaint)

[2] Docket 8-1 at 2–3, ¶¶ 7–13.

according to proof," and costs.³  It does not state the amount of damages sought, nor is it apparent from the face of the complaint what that amount might be.⁴

Defendant removed the action to federal court on January 9, 2020, on the basis of diversity jurisdiction.⁵  The notice of removal states that "Plaintiff seeks damages of $75,000 or more" but provides no support for this statement.⁶

Pursuant to 28 U.S.C. § 1441, an action may be removed to federal court if the court has original jurisdiction.  Diversity jurisdiction exists where the parties are "citizens of different states" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."⁷  28 U.S.C. § 1447(c) commands that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."⁸

"[W]here a party seeks to remove a case from state to federal court under 28 U.S.C. § 1441, the proponent of removal bears the burden of establishing

---

³ Docket 8-1 at 4.

⁴ The Court takes judicial notice of the fact that the Alaska District Court does not have jurisdiction over cases with amounts in controversy exceeding $100,000, exclusive of fees, costs, and interest.  AS 22.15.030(a).

⁵ Docket 1.

⁶ Docket 1 at 2.

⁷ 28 U.S.C. § 1332(a); *see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) ("A federal court has [diversity] jurisdiction over the underlying dispute if the suit is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.").

⁸ Plaintiff has not moved for remand; however, the Court "has the duty to consider subject matter jurisdiction *sua sponte* in every case, whether the issue is raised by the parties or not." *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003).

federal jurisdiction by a preponderance of the evidence."[9] This standard "applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'"[10] There is a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper," and the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."[11]

The unsupported statement in the notice of removal that "Plaintiff seeks damages of $75,000 or more" does not satisfy Defendant's burden to show that diversity jurisdiction exists by a preponderance of the evidence.[12] The Court therefore orders Defendant to show cause why this action should not be remanded for lack of subject matter jurisdiction. Defendant shall respond to this order within **14 days**. The Court notes that "[i]n the removal context, the inquiry into the amount in controversy is not confined to the face of the complaint," and "[t]he Court may

---

[9] *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

[10] *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). In contrast, the Ninth Circuit has adopted the more lenient "legal certainty" test for cases initially filed in federal court. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015).

[11] *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (first alteration in original) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

[12] Docket 1 at 2; *cf. Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) ("[W]here the amount in controversy is in dispute and where it is unclear form the plaintiff's complaint whether the plaintiff is seeking more than [the jurisdictional threshold], the 'defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.'" (quoting *Gaus v. Miles, Inc.*, 980 F.2d 566–67 (9th Cir. 1992))).

also consider . . . 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"[13]

DATED this 14th day of August, 2020, at Anchorage, Alaska.

                                                                                  */s/ Sharon L. Gleason*
                                                                    UNITED STATES DISTRICT JUDGE

---

[13] *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1067 (D. Ariz. 2004) (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)). Presented with a situation where "the amount in controversy was not evident from the face of the Complaint and [the defendant] had not presented any facts in the removal petition relevant to the amount in controversy other than an insufficient conclusory allegation," the district court in *Burk* had ordered the defendant "to support its contention that the amount in controversy exceeds $75,000 with evidence in the form of affidavits or otherwise." *Id.* at 1066.